IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEAN O HEATHCOE,      )
    Plaintiff,      )
                      )
v.                    )    CIVIL ACTION NO. 17-00224-N
                      )
NANCY A. BERRYHILL, *Acting*      )
*Commissioner of Social Security*,      )
    Defendant.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Dean O Heathcoe brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* Upon consideration of the parties' briefs (Docs. 12, 13) and those portions of the administrative record (Doc. 11) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held December 7, 2017, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).[1]

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 17, 18).

## I. *Background*

On April 28, 2014, Heathcoe filed applications for a period of disability, DIB, and SSI with the Social Security Administration ("SSA"), alleging disability beginning July 1, 2011.[2] Heathcoe requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review after his applications were initially denied; the hearing was held on February 26, 2016. On April 1, 2016, the ALJ issued an unfavorable decision on Heathcoe's applications, finding him "not disabled" under the Social Security Act and thus not entitled to benefits. (*See* R. 34 – 48).

The Commissioner's decision on Heathcoe's applications became final when the Appeals Council for the Office of Disability Adjudication and Review denied Heathcoe's request for review of the ALJ's decision on April 13, 2017. (R. 1 – 6). Heathcoe subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision. *See* (Doc. 1); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party,

---

[2] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[3] "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the

---

[3] Nevertheless, " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

[Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the

---

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III. *Analysis*

At Step One, the ALJ determined that Heathcoe met the applicable insured

status requirements through March 31, 2017, and that he had not engaged in substantial gainful activity since the alleged disability onset date, July 1, 2011. (R. 39). At Step Two, the ALJ determined that Heathcoe had the following severe impairments: neck and back pain; right arm and leg pain; carpal tunnel syndrome; and depressive disorder. (R. 39). At Step Three, the ALJ found that Heathcoe did not have an impairment or combination of impairments that met or equaled the severity of one of the specified impairments in the relevant Listing of Impairments. (R. 40 – 41).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Heathcoe had the RFC "to perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,[6]]" subject to the following: "The claimant can lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours of an 8-hour workday; stand/walk for 4 hours each of an 8-hour workday; and can push/pull as much as he can lift/carry. He can use his right hand for frequent handling; frequent fingering; and frequent feeling. The claimant can climb ramps and stairs occasionally but cannot climb ladders and scaffolds. He can balance and stoop occasionally, but cannot kneel, crouch, and crawl. He is precluded from all activities involving unprotected heights and moving mechanical parts. The claimant's ability to understand, remember, and carry out instructions is limited to simple, routine tasks and simple work-related decisions. He can respond appropriately to supervisors and coworkers frequently, but would work best with a few familiar coworkers. He can respond appropriately to the public frequently. He can tolerate infrequent changes in the work setting." (R. 41 – 46).

Based on this RFC, the ALJ determined that Heathcoe was unable to perform any past relevant work in the construction industry. (R. 46). At Step Five, after taking testimony from a vocational expert, the ALJ found that there exists a

---

[6] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. §§ 404.1567, 416.967.

significant number of jobs in the national economy that Heathcoe could perform given his RFC, age, education, and work experience. (R. 47 – 48). Thus, the ALJ found that Heathcoe was not disabled under the Social Security Act. (R. 48).

Heathcoe's sole claim of reversible error takes issue with the RFC determination that Heathcoe "can respond appropriately to supervisors and coworkers frequently, but would work best with a few familiar coworkers." Importantly, Heathcoe does **not** argue that substantial evidence does not support this determination.[7] Rather, Heathcoe argues that the ALJ should have further defined the provision "a few familiar coworkers." Heathcoe appears to claim that, by including this purportedly "insufficient and vocationally vague"[8] provision in the RFC when posing hypotheticals to the vocational expert (VE), the ALJ's hypotheticals failed to include all of Heathcoe's impairments, and thus the VE's testimony did not constitute substantial evidence at Step Five. *See, e.g.*, *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

As the Commissioner correctly points out, Heathcoe fails to cite any authority to substantiate this argument. Nevertheless, the undersigned also agrees with the Commissioner that any error by the ALJ in this regard is harmless. The Social Security regulations define the RFC as "**the most** [a claimant] can still do despite

---

[7] No such assertion is made in Heathcoe's brief, and at oral argument Heathcoe's counsel expressly disclaimed making any such argument.

[8] (Doc. 12 at 3).

[his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (emphasis added). While observing that Heathcoe "would work best with a few familiar coworkers," the ALJ nevertheless specified in the same sentence, that, <u>at the most</u>, Heathcoe could "respond appropriately to supervisors and coworkers frequently." The ALJ sufficiently conveyed this distinction in his hypothetical to the VE. (*See* R. 89). As such, the ALJ's determination that Heathcoe could "work best with a few familiar coworkers" was, at worst, a side observation irrelevant to the issue of "the most" Heathcoe could do. Because the ALJ was sufficiently clear at both Step Four and Step Five that Heathcoe's "best" working environment was nonetheless not "the most" he could do, the inclusion of that side observation was harmless and did not taint the ALJ's hypothetical to the VE. *See, e.g., Burgos v. Acting Comm'r of Soc. Sec.*, No. 16-16426, 2017 WL 3098121, at *6 (11th Cir. July 21, 2017) (per curiam) (unpublished) ("[A]n error is harmless if it does not affect the Commissioner's ultimate decision." (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).[9]

Accordingly, the Court **OVERRULES** Heathcoe's lone claim of reversible error and finds that the Commissioner's final decision denying him benefits is due to be **AFFIRMED**.

---

[9] In his brief, Heathcoe also argued that the ALJ should have specifically defined the term "frequently" as used in the challenged RFC provision. However, counsel for Heathcoe appeared to abandon this issue at oral argument. Nevertheless, the Commissioner's brief correctly points out that Heathcoe failed to cite any authority supporting this argument as well, and that in disability determination cases the term "frequently" is specifically defined by Social Security ruling, the Dictionary of Occupational Titles, and the SSA's Program Operations Manual System. It should also be noted that the ALJ used the term "frequently" or "frequent" in imposing several other conditions in the RFC, which Heathcoe did not challenge as unclear.

### IV. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision issued April 13, 2017, denying Heathcoe's applications for a period of disability, DIB, and SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 11th day of December 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**